**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | | |
|---|---|---|
| *In re:* | § | Chapter 7 |
| | § | |
| DANIEL BRIAN HICKS and | § | Case No.: 20-02039-NPO |
| CATHERINE JOHNSON HICKS, | § | |
| | § | |
| Debtors. | | |

**AGREED ORDER GRANTING STAY RELIEF AND ABANDONMENT
OF THE CHAPTER 7 ESTATE'S INTERESTS IN REAL PROPERTY LOCATED AT
1034 HOLLAND AVENUE, PHILADELPHIA, MISSISSIPPI AND RELATED
PERSONAL PROPERTY AND PROCEEDS THEREOF**

**HAVING COME** before the Court on the joint request [Bkr. Dkt. #____] of The Citizens Bank of Philadelphia, a state-chartered banking corporation organized and existing under the laws of the State of Mississippi ("Citizens Bank"), a creditor and party-in-interest; the Chapter 7 Trustee, Eileen N. Shaffer (the "Trustee"); and the Chapter 7 debtors, Daniel Brian Hicks, DVM and Catherine Johnson Hicks (collectively, the "Debtors" and together with Citizens Bank and the Trustee, collectively, the "Parties") for stay relief and abandonment of any and all interests that Debtors and the above-captioned bankruptcy estate (collectively, the "Estate") may hold in certain real property located at 1034 Holland Avenue, Philadelphia, Mississippi and all related buildings, improvements, fixtures and the proceeds thereof

(collectively, the "Property"), all of such Property being titled in the name of B Happy Properties, LLC, a Mississippi limited liability company (the "Non-Debtor Entity"), of which the Debtor, Brian Hicks, DVM, is the sole member, where the Parties agree that no equity exists in such Property and that such Property is burdensome to the Estate and/or of inconsequential value and benefit to the Estate. The Court, having fully considered the request of the Parties, hereby finds that entry of this Agreed Order is appropriate.

The Parties agree and stipulate as follows:

1. That the Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334. The statutory and procedural predicate for the relief sought herein are Sections 105(a), 362(d) and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 6007 of the Federal Rules of Bankruptcy Procedure, and various orders of reference.

2. That notice and opportunity for hearing and objection were adequate and appropriate under the circumstances.

3. That on July 23, 2020 (the "Petition Date"), the Debtors filed with the Court their *Voluntary Petition* [Dkt. #1] (the "Petition") for relief as debtors under Chapter 7 of the Bankruptcy Code.

4. That Eileen N. Shaffer (the "Trustee") has been appointed as the Chapter 7 trustee in accordance with 11 U.S.C. §701(a).

5. That the Non-Debtor Entity is Mississippi limited liability company of which one of the Debtors (Brian Hicks, DVM) is the sole member, with such entity having formerly been utilized by Dr. Hicks to operate a veterinarian clinic located at 1034 Holland Avenue, Philadelphia, Mississippi (the "Business Premises").

6. That the Non-Debtor Entity has ceased all operations at the Business Premises, with said Business Premises currently being vacant and unused.

7. That the Non-Debtor Entity is not a debtor under the Bankruptcy Code.

8. That pursuant to that certain *Promissory Note*, dated July 11, 2014, in the original principal amount of $233,613.92 (the "Note"), the Non-Debtor Entity is indebted to Citizens Bank (the "Business Loan").

9. That pursuant to that certain *Deed of Trust*, dated July 11, 2014, as recorded in the Office of the Chancery Clerk of Neshoba, Mississippi (the "Recording Office"), on July 15, 2014, at Book 2014, Page 5881 (the "Original Deed of Trust"), as thereafter modified and/or amended by that certain *Modification of Deed of Trust*, dated September 10, 2019, as recorded in the Recording Office on September 23, 2019, at Book 2019, Page 8145 (the "Modified Deed of Trust" and, together with the Original Deed of Trust, collectively, the "Deed of Trust"), the Non-Debtor Entity granted Citizens Bank first-priority liens and security interests in that certain real property having a common address of 1034 Holland Avenue, Philadelphia, Mississippi, together with all buildings, improvements, fixtures and the proceeds thereof (collectively, the "Collateral"), said Collateral being described with specificity in **Exhibit "A"** hereto.

10. That the Debtor, Brian Hicks, is pursuant to that certain *Commercial Guaranty*, dated July 11, 2014, personally liable for repayment of all indebtedness owed by the Non-Debtor Entity to Citizens Bank;

11. That because the Non-Debtor Entity is a limited liability company in which Debtors' sole interest is that of a "member", it appears that the Estate holds no legally cognizable interest in the assets of the Non-Debtor Entity pursuant to 11 U.S.C. §§541 or 1306. *In re Neterville*, 2019 WL 3934642 (Bkr. N.D. Miss. July 24, 2019) (holding that assets of limited liability company are "separate and distinct" from the assets of its Members);

12. That this Agreed Order has been entered into by the Parties out of an abundance of caution, at the request of Citizens Bank, to ensure that Citizens Bank's planned exercise of its rights and remedies in and to the Collateral under applicable non-bankruptcy law are not in contravention of the Bankruptcy Code.

13. That, as of the Petition Date (July 23, 2020), the amount outstanding under the Note was **$182,985.67**, with said amount continuing to increase due to the ongoing actual of interest, fees and expenses of enforcement (including legal fees and expenses), all of which are recoverable pursuant to the Loan Documents and secured by Citizens Bank's liens and security interests in and to the Collateral.

14. That based on an internal valuation dated June 15, 2020, Citizens Bank estimated the Collateral to then have a liquidation value of approximately **$190,000.00.**

15. That in Debtor's *Statement of Intent for Individuals Filing Under Chapter 7* [Bkr. Dkt. #3, at Page 47], the Debtors state their intent to abandon any interest they may hold in the Collateral to Citizens Bank.

16. That the Trustee has investigated the Collateral and determined that, in the event the Collateral were deemed property of the Estate, that the Estate would appear to have no realizable equity in the Collateral so that the Estate's liquidation or other disposition of the Collateral would result in no distribution to the Estate's unsecured creditors.

17. That the Collateral is not necessary to the administration of the Estate and is of inconsequential value and benefit to the Estate; that to retain the Collateral would be burdensome to the Estate by virtue of the necessity of paying ongoing property preservation, insurance and storage expenses; so that all criteria necessary for the Estate's abandonment of the Collateral pursuant to 11 U.S.C. §554(a) are present in this case.

18. That due to the absence of the Estate having any equity in the Collateral and such Collateral not being necessary to an effective reorganization, pursuant to 11 U.S.C. §362(d)(2) termination and annulment of the Section 362(a) automatic stay as to Citizens Bank and the Collateral is mandated.

19. That upon the Court's entry of an order providing for termination and annulment of the automatic stay and the Estate's and Debtors' abandonment of the Collateral, Citizens Bank should be entitled and authorized to immediately exercise all of its rights and remedies in and to the Collateral and all proceeds thereof under applicable non-bankruptcy law.

20. That the relief provided by this Order should be effective immediately upon entry and that the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure should be waived.

21. That the relief provided by this Order should constitute entry of a final judgment pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, pursuant to 11 U.S.C. §362(d)(2), the automatic stay imposed by Section 362(a) of the Bankruptcy Code is terminated and annulled as to The Citizens Bank of Philadelphia and all of the Collateral and proceeds thereof, said Collateral being described with specificity in **Exhibit "A"** hereto; and,

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that, pursuant to 11 U.S.C. §554(a), all right, title or interest the Estate and the Debtors may hold in the Collateral and all proceeds thereof is hereby abandoned; and,

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that The Citizens Bank of Philadelphia is entitled and authorized to immediately exercise all of its rights and remedies in and to all of the Collateral and proceeds thereof under applicable non-bankruptcy law; and,

**IT IS FURTHER ORDERED AND ADJUDGED** that the relief provided by this Order is effective immediately upon entry and that the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are hereby waived.

**IT IS FURTHER ORDERED AND ADJUDGED** that the relief provided by this Order shall constitute entry of a final judgment pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

##END OF ORDER##

**AGREED AND SUBMITTED BY:**

*/s/ Alan L. Smith*
Alan L. Smith, Esq. (MS Bar No.10345)
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:    (601) 351-8932
asmith@bakerdonelson.com

***ATTORNEYS FOR THE CITIZENS BANK OF PHILADELPHIA***

*/s/ Eileen N. Shaffer*
Eileen N. Shaffer, Esq. (MS Bar #1687)
Post Office Box 1177
Jackson, Mississippi 39215
Telephone: (601) 969-3006
eshaffer@eshaffer-law.com

***CHAPTER 7 TRUSTEE***

*/s/ Thomas C. Rollins, Jr.*
Thomas C. Rollins, Jr., Esq. (MS Bar No. 103469)
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, Mississippi 39401
Telephone: (601) 500-5533
trollins@therollinsfirm.com

***ATTORNEYS FOR DEBTORS***

Book 2019 Page 8148
Deed of Trust
09/23/2019 03:41:22 PM

Neshoba County, MS
I certify this instrument was filed
on 09/23/2019 03:41:22 PM
and recorded in the
Deed of Trust
Book 2019 Page 8145 - 8148
Guy Nowell, Chancery Clerk.



# EXHIBIT A

Beginning at the intersection of the South section line of Section 31, Township 11 North, Range 12 East, and the East right of way of Mississippi Highway No. 19, which is the Point of Beginning of this description; thence go South 38° 42' East along the East right of way of said highway for a distance of 74 feet; thence go North 51° 18' for a distance of 240 feet; thence go North 14° West for 150.5 feet; thence of West for a distance of 160 feet; thence go South for a distance of 10 feet; thence go South 51° 18' West for a distance of 158 feet to the East right of way line of Highway No. 19; thence go South 38° 42' East along the East right of way of Highway No. 19 for a distance of 137.5 feet to the Point of Beginning, containing 1.2 acres, more or less, and being situated <u>partially in the SW ¼ of the SE ¼ of Section 31, Township 11 North, and partially in the NW ¼ of the NE ¼ of Section 6, Township 10 North, all in Range 12 East, Neshoba County, Mississippi.</u>

This parcel is more particularly described by a survey as follows:

Commence at a found concrete marker at the SE corner of Section 31, Township 11 North, Range 12 East, City of Philadelphia, Neshoba County, Mississippi; thence run North 80° 25' 36" West for a distance of 2,476.99 feet to a found 1" pipe; thence run South 29° 23' 47" East for a distance of 227.70 feet to a 36" Gum tree for the Point of Beginning; thence run North 89° 47' 33" West for a distance of 160.00 feet to a set ½" rebar; thence run South for a distance of 10.00 feet to a set ½" rebar; thence run South 51° 18' 00" West for a distance of 168.06 feet to a set ½" rebar on the Northwestern right of way of Mississippi Highway No. 19; thence run South 50° 59' 10" East for a distance of 248.21 feet along said right of way to a set ½" rebar; thence leaving said right of way, run North 51° 18' 00" East for a distance of 239.07 feet to a set ½" rebar; thence run North 36° 03' 00" West for a distance of 150.00 feet to the Point of Beginning, containing 1.38 acres, more or less, and located in the SW ¼ of SE ¼ of Section 31, Township 11 North, Range 12 East and in the NW ¼ of NE ¼ of Section 6, Township 10 North, Range 12 East, City of Philadelphia, Neshoba County, Mississippi.